IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Christian S. Montagano, D.O., | C.A. No. 6:24-cv-03916-DCC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| Berkshire Life Insurance Company of America, | |
| Defendant. | |

This matter is before the Court on Defendant's motion for judgment on the pleadings. ECF No. 16. Plaintiff filed a response in opposition, and Defendant filed a reply. ECF Nos. 20, 22. Accordingly, this matter is ripe for consideration.

## **BACKGROUND**[1]

On December 23, 2002, Defendant issued a disability policy (Policy No. Z02559940, hereinafter "the 940 policy") to Plaintiff. ECF No. 1 at 2. This policy was modified by a document (Policy No. Z9439800, hereinafter "the 800 policy") (collectively, "the Policies") issued on December 23, 2010. Plaintiff states that these policies "constitute the full and final expression of the comprehensive disability insurance policy at the issue in this dispute." *Id.* The Policies provide for disability benefits in the event that Plaintiff becomes "totally disabled," which is defined as "not able to perform the material and substantial duties of [his] occupation" because of sickness or injury. ECF

---

[1] The facts in this section are taken from the complaint.

1

Nos. 16-2 at 8; 16-3 at 13.  Occupation is defined as "the regular occupation (or occupations, if more than one) in which you are engaged at the time you become disabled."  ECF No. 16-2 at 8.[2]  The 940 policy further provided that "[i]f your occupation is limited to a single medical specialty certified by the American Board of Medical Specialties . . . we will deem your specialty to be your occupation."  *Id.*[3]

Plaintiff has been a physician since 1997.  At the time of the issuance of the first policy in 2002 and the second policy in 2010, Plaintiff practiced emergency medicine, which is recognized as a medical specialty by the American Board of Medical Specialties.  *Id.* at 3.  Plaintiff developed significant back pain to the point that he could no longer practice emergency medicine, and he stopped practicing emergency medicine on August 16, 2016.  *Id.* at 4.  To this day, Plaintiff is unable to practice emergency medicine due to his back pain.  Thus, Plaintiff asserts that he is "totally disabled" under the Policy.  Plaintiff states that he "tendered a claim for disability benefits to Defendant, and the claim was denied.  Defendant's denial was based in relevant part on the assertion that Plaintiff was not 'totally disabled' within the meaning of the Policy."  *Id.*  at 4.

---

[2] The 800 policy uses the slightly different language "in which You are Gainfully Employed during the 12 months prior to the time You become Disabled." ECF No. 16-3 at 13.

[3] Again, the 800 policy uses slightly different language.  It provides: "If You have limited Your Occupation to the performance of the material and substantial duties of a single medical specialty or to a single dental specialty, We will deem that specialty to be Your Occupation.  ECF No. 16-3 at 13.

6:24-cv-03916-DCC     Date Filed 09/24/25     Entry Number 36     Page 3 of 14

Plaintiff brings a claim for breach of insurance contract. As stated above, Defendant filed a motion for judgment on the pleadings, Plaintiff filed a response, and Defendant filed a reply. ECF Nos. 16, 20, 22.

## APPLICABLE LAW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The pleadings include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 453 (7th Cir. 1998); *see* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.").

"A motion brought pursuant to Rule 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hale v. Metrex Rsch. Corp.*, 963 F.3d 424, 427 (5th Cir. 2020) (quoting *Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015)). When a plaintiff moves for judgment on the pleadings, the Court "must accept all factual allegations in the answer and draw all reasonable inferences in favor of the defendant[]." *Lively v. WAFRA Inv. Advisory Grp., Inc.*, 6 F.4th 293, 305 (2d Cir. 2021). Judgment on the pleadings may not be granted "unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Wolfington v. Reconstructive Orthopaedic Assocs. II PC*, 935 F.3d 187, 195 (3d Cir. 2019) (quoting *In re Asbestos Prods. Liab. Litig. (No. VI)*, 822 F.3d 125, 133 n.6 (3d Cir. 2016)).

In South Carolina,[4] "[i]nsurance policies are subject to the general rules of contract construction." *B.L.G. Enters., Inc. v. First Fin. Ins. Co.*, 514 S.E.2d 327, 330 (S.C. 1999). The words used in a policy must be given their "plain, ordinary, and popular meaning." *Id.* When a policy's language is "clear and unambiguous, the language alone determines the [policy's] force and effect." *Williams v. Gov't Emps. Ins. Co. (GEICO)*, 762 S.E.2d 705, 709 (S.C. 2014) (quoting *McGill v. Moore*, 672 S.E.2d 571, 574 (S.C. 2009)).

"An insurance contract is ambiguous only when it may fairly be understood in more than one way." *Braswell v. Faircloth*, 387 S.E.2d 707, 709 (S.C. Ct. App. 1989). "Whether a contract is ambiguous is to be determined from examining the entire contract, not by reviewing isolated portions[.]" *Williams*, 762 S.E.2d at 710. Accordingly, a party cannot "create an ambiguity by pointing out a single sentence or clause." *McGill*, 672 S.E.2d at 574.

"As a general rule, insurers have the right to limit their liability and to impose conditions on their obligations provided they are not in contravention of public policy or some statutory inhibition." *Williams*, 762 S.E.2d at 712. The insurer bears the burden of establishing an exclusion to coverage. *Boggs v. Aetna Cas. & Sur. Co.*, 252 S.E.2d 565, 568 (S.C. 1979).

## ANALYSIS

The Court begins with a discussion of which documents will be considered in ruling on this motion. Defendant contends that the Court should consider the complaint, the answer, the Policy, and the denial letters. ECF No. 16 at 9–10. Plaintiff asserts that the denial letters should not be considered. ECF No. 20 at 1.

---

[4] The parties agree that South Carolina law applies.

"In considering a motion under either Fed. R. Civ. P. 12(b)(6) or 12(c), the court generally may not consider matters outside the pleadings without converting the motion to one for summary judgment. However, there are well recognized exceptions to this principle." *Pimental v. Wells Fargo Bank, N.A.*, No. 14-494, 2015 WL 5243325 at *4 (D.R.I. Sept. 4. 2015), *adopted* 2016 WL 70016, (D.R.I. Jan. 5, 2016) (internal citations omitted). The court may also consider documents attached or incorporated into the complaint. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448 (4th Cir. 2011). Such a document may be considered even if it is not attached to the complaint, if the document "'was integral to and explicitly relied on in the complaint'" and there is no authenticity challenge. *Id*. (quoting *Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999)); *see Pendleton v. Jividen*, 96 F.4th 652, 656 (4th Cir. 2024) (recognizing that documents can be incorporated into the complaint by reference) (internal citation and quotation marks omitted); *Int'l Ass'n of Machinists & Aerospace Workers v. Haley*, 832 F. Supp. 2d 612, 622 (D.S.C. 2011).

Here, the Court finds that the denial letters should be considered. Plaintiff has provided no support for his position that they be excluded. Moreover, the relevant law supports finding that the denial letters are central to the complaint, there is no challenge to their authenticity, and several courts have determined that denial letters are properly reviewable at the motion to dismiss/for judgment on the pleadings stage. *Sebago Land Devs., Inc. v. Crum & Forster Specialty Ins. Co.*, 749 F. Supp. 3d 177, 182 (D. Me. 2024) ("The Court considered the attachments to the pleadings in ruling on this motion, including (1) Crum & Forster's denial letter, (2) the underlying complaint, and (3) the Crum & Forster Policy insuring SLD. SLD attached the denial letter to its Complaint, and both SLD and

5

Crum & Forster attached the underlying complaint and policy as exhibits to their pleadings."); *Bartley v. Travelers*, No. CV1915322MASLHG, 2020 WL 1987251, at *2 (D.N.J. Apr. 27, 2020) ("Courts in this District have frequently considered insurance policies and denial letters when deciding motions to dismiss."); *Invictus Unlimited v. Fed. Ins. Co.*, No. 1:24-CV-00421-LF-GBW, 2025 WL 1208201, at *6 (D.N.M. Apr. 25, 2025) (noting that denial letters are central to the complaint). Accordingly, the Court will consider the pleadings, the Policies, and the denial letters without converting the motion to one for summary judgment.

Turning to the merits of the motion, Defendant asserts that Plaintiff has not shown that he gave Defendant timely notice of his claim or timely proof of loss. Thus, he has not pled his own performance under the Policy and has not pled a plausible claim for breach of contract. For the reasons given below, the Court agrees.

The Court begins with a more thorough discussion of the terms of the Policies. The background section of this order contains the portions of the Policies referenced in the complaint. However, there are other provisions that are necessary to resolve the present issue. Each policy contains a provision requiring notice of the loss. The 940 policy states as follows:

> **Notice of Claim**
> You must give us notice of claim within 30 days after any loss which is covered by this policy occurs or starts, or as soon after that as is reasonably possible. Notice, with sufficient information to identify you, will be deemed notice to us if given to us at our home office, 700 South Street, Pittsfield, MA 01201, or to an authorized Agent.
>
> **Claim Forms**
> When we get your notice of claim, we will send claim forms for filing proof of loss. If we do not send you such forms within 15 days after your notice, you may submit a written statement

> within the time fixed in this policy for filing proof of loss, which proves the nature and extent of the loss for which claim is made.
>
> **Time for Filing Proof of Loss**
> We are liable for benefits at the end of each month while you are disabled beyond the elimination period until the benefit period ends or, if earlier, the date you recover.
>
> You must give us proof of loss at our home office or at any authorized agency office:
>
> > • for loss from disability within 90 days after the end of the period for which we are liable; and
> > • for any other loss within 90 days after the date of the loss.
>
> If you cannot reasonably give us proof of loss within such time, we will not deny or reduce claim if you give us proof as soon as possible. But we will not pay benefits in any case if proof is delayed for more than one year, unless you have lacked legal capacity.

ECF No. 16-2 at 10.

Similarly, the 800 policy states:

> **Notice of Claim**
> You must give Us written Notice of Claim within 30 days after any loss covered by the Policy occurs or begins, or as soon after that as is reasonably possible. Written Notice of Claim, with complete information to identify You, will be sufficient if provided to Us at Our home office, 700 South Street, Pittsfield, MA 01201.
>
> **Claim Forms**
> When We receive written Notice of Claim, We will send Claim Forms for filing Proof of Loss. Claim Forms must be completed, signed and returned to Us, and are a required part of Proof of Loss. If We do not send You such forms within 15 days after receiving written Notice of Claim, You may submit a written statement within the time fixed in the Policy for filing Proof of Loss, which provides the nature and extent of the loss for which a claim is made.
>
> **Proof of Loss**

> You must provide Us with written Proof of Loss at Our home office for a loss within 90 days after the end of each monthly period for which You are claiming benefits. All losses must occur while the Policy is in force.
>
> We can require any proof that We consider necessary to evaluate Your claim. Such proof may include, but is not limited to, medical records, employment records, business records, evidence of Your Prior and Current Income, financial records, and any other information necessary for Us to evaluate Your claim.
>
> If You cannot give Us written Proof of Loss within the prescribed time, We will not deny or reduce Your claim if You give Us written Proof of Loss as soon as reasonably possible. Under no circumstance will We pay benefits if written Proof of Loss is delayed for more than one year, unless You have lacked legal capacity.

ECF No. 16-3 at 18.

The first issue to be decided is whether Plaintiff was required to plead facts sufficient to plausibly allege that he fulfilled his obligations under the contract. Plaintiff contends that he is only required to plead that he is a party to an insurance contract with Defendant and that Defendant has breached the contract. ECF No. 20 at 2. This argument misstates Plaintiff's obligations at the pleading stage. Under South Carolina law, "a contract is formed when a legitimate offer is accepted, accompanied by a valuable consideration." *Ahrens v. State*, 709 S.E.2d 54, 64 (S.C. 2011). "The elements for a breach of contract are the existence of the contract, its breach, and the damages caused by such breach." *Branche Builders, Inc. v. Coggins*, 686 S.E.2d 200, 202 (S.C. Ct. App. 2009) (citation omitted). "[O]ne who seeks to recover damages for the breach of a contract, to which he was a party, must show that the contract has been performed on his part, or at least that he was at the appropriate time able, ready and willing so to perform it." *Parks v. Lyons*, 64 S.E.2d 123, 126 (S.C. 1951); *see also Saylor v. Kemp Custom*

*Homes, Inc.*, No. CV 0:19-0548-MGL, 2021 WL 3053369, at *4 (D.S.C. July 20, 2021); *Swinton Creek Nursery v. Edisto Farm Credit, ACA*, 514 S.E.2d 126, 135 (S.C. 1999). Accordingly, the Court finds that Plaintiff is required to plead facts sufficient to allege his compliance with the terms of the contract.

Next, the Court will turn to whether Plaintiff has sufficiently alleged that he performed his obligations under the Policies. Defendant asserts that Plaintiff failed to fulfil his obligations under the contract by failing to provide timely notice of the total disability and failing to provide ongoing evidence of his total disability within 90 days of each month for which he sought benefits. It is undisputed that Plaintiff stopped working in emergency medicine on August 16, 2016. A review of the denial letters indicates that he did not provide notice to Defendant until May of 2023 when he made his first claim for benefits. ECF No. 16-4 at 2. Plaintiff's claim was denied. ECF No. 16-4. He appealed the denial, and Defendant affirmed the denial. ECF No. 16-5. Both denials note that Plaintiff did not comply with the Policies' notice requirements. Thus, it appears that Plaintiff has not sufficiently pled facts alleging his performance under the contracts. Plaintiff offers several arguments in opposition.

Plaintiff argues that dismissal is inappropriate because he did not plead any facts with respect to notice; therefore, there is no allegation that he provided late notice. ECF No. 20 at 3. Plaintiff is not entitled to a favorable ruling for failing to sufficiently plead his cause of action. Moreover, as noted, this action is before the Court on a motion for judgment on the pleadings and not a motion to dismiss; accordingly, the Court has considered other documents which have offered some support for the assertion, without

9

any opposing allegations by Plaintiff, that he did not provide notice within the time required.

In the complaint, Plaintiff states that his "performance obligation was limited to the payment of premiums in full and when required." ECF No. 1 at 5. He further states that he "has timely and faithfully performed each and every of his performance obligations incident to the Policy." *Id.* As to his statement that he has fully performed his obligations under the Policies, the Court agrees with Defendant that this is a legal conclusion. With respect to Plaintiff's argument that payment of the premiums was all that was required of him, payment of the premiums was required under the Policies; however, the plain language of the Policies establishes that such payment was not the only requirement placed upon him to receive his benefits. Plaintiff has not pointed to any authority, and the Court is aware of none, stating that payment of premiums is all that is required and no further obligations can be placed on an insured in order to recover under an insurance policy.

Plaintiff asserts that when a provision allows for notice as soon as reasonably possible, the question of promptness is one reserved for the trier of fact. ECF No. 20 at 3. This misstates the issue before the Court. The question to be decided here is whether Plaintiff has sufficiently alleged his cause of action. Here, he has not.[5]

---

[5] Plaintiff also tries to reframe this issue as a ruling on the validity of the denials by Defendants. ECF No. 20 at 2. To be clear, the issue before the Court, and the only issue being ruled upon today, is the sufficiency of Plaintiff's allegations under the standard applicable to motions for judgment on the pleadings.

Next, Plaintiff seems to argue that he was not required to provide proof of loss until a later date that has not yet occurred.[6] ECF No. 20 at 4–5. Neither party cited to a South Carolina case with respect to this issue and the undersigned likewise was able to find none. Nevertheless, the Court finds cases from outside of South Carolina construing similar provisions instructive on this issue. *Korn v. Paul Revere Life Ins. Co.*, 238 F. App'x 109, 111 (6th Cir. 2007) ("Mr. Korn's theory is that because his disability is continuing, the benefits period has not ended, so he is not yet required to submit any proof of loss. That is, although he expects to receive monthly benefit payments in the interim, he need not submit proof of loss until he is either cured or dead. This is insupportable."); *McArthur v. Unum Life Ins. Co. of Am.*, 45 F. Supp. 3d 1303, 1308 (N.D. Ala. 2014) ("However, the district court found this interpretation to be 'unreasonable as a matter of law.' The court emphasized that, by extending indefinitely the period a claimant has for submitting proof of loss, the plaintiff's proposed interpretation would make it impossible for the defendant insurance company to evaluate potential claims in a timely manner.") (quoting *Kirkland v. Guardian Life Ins. Co. of Am.,* No. 3:06-cv-107, 2008 WL 1990340, at *10 (M.D.Ga. May 5, 2008)). The undersigned agrees with these other courts that Plaintiff's contention cannot stand.

Plaintiff further argues that, even if he did not comply with the Policies' requirements, the terms were not material. Plaintiff seems to assert either that the term "condition precedent" or a statement that failure to provide timely notice would result in

---

[6] The Court also notes that he chastises Defendant for only providing one case citation in a section where he has offered none. *See* ECF No. 20 at 5 n. 1.

11

the forfeiture of benefits must have been included. ECF No. 20 at 5. Thus, he contends, Defendant must not consider this condition to be material.

Included in the 800 Policy is a provision, agreed to by Plaintiff, that he must "satisfy all terms and conditions of the Policy in order for benefits to become payable." 16-3 at 18. As to the materiality of the provision, both parties cite to the Supreme Court of South Carolina's ruling in *Covil Corp. ex rel. Protopapas v. Penn. Nat'l Mut. Cas. Ins. Co.*, 906 S.E.2d 558 (S.C. 2024). Pursuant to that ruling, the factors to consider in deciding whether failure to comply with a notice requirement is material include:

> (a) the extent to which the injured party will be deprived of the benefit which he reasonably expected;
>
> (b) the extent to which the injured party can be adequately compensated for the part of that benefit of which he will be deprived;
>
> (c) the extent to which the party failing to perform or to offer to perform will suffer forfeiture;
>
> (d) the likelihood that the party failing to perform or to offer to perform will cure his failure, taking account of all the circumstances including any reasonable assurances;
>
> (e) the extent to which the behavior of the party failing to perform or to offer to perform comports with standards of good faith and fair dealing.

*Id*. at 565 (quoting Restatement (Second) of Contract § 241 (Am. L. Inst. 1981)). Plaintiff generally states that each of the factors weigh in favor of finding that the failure to provide timely proof of loss is not a material breach such that Defendants should not have to pay their obligations under the contract. He asserts that the only thing he would have to

produce is documentation of his disability, which he believes are available. He states that prong (c) listed above weighs heavily in his favor.

The Court finds that this argument overlooks other provisions in the Policies. Plaintiff's interpretation would deprive Defendant of its contractual rights to require a medical examination. ECF Nos. 16-2 at 11, 16-3 at 18–19. Other courts have held that provisions are material where nonperformance may prevent an insurer from "assert[ing] its contractual rights in a timely manner." *Founders Ins. Co. v. Richard Ruth's Bar & Grill LLC*, No. 2:13-CV-03035-DCN, 2016 WL 3189213, at *13 (D.S.C. June 8, 2016), *aff'd*, 761 F. App'x 178 (4th Cir. 2019) (citing *Karnofsky v. Mass. Mut. Life Ins. Co.*, No. 2:14-cv-949-PMD, 2015 WL 8160793, at *5 (D.S.C. Dec. 7, 2015)). Further, , Plaintiff will not be deprived of all of his benefits under the contract even if he is held to be unable to recover for his alleged disability beginning in 2016.[7] Moreover, as to Plaintiff's argument that the Policies must have included language like "condition precedent" to establish the materiality of the provisions, he has cited to no authority for such a proposition. The Policies notice and proof of loss provisions both include the word "must," with respect to requirements placed upon Plaintiff, thus, the Court finds the intent of the parties was clear. *See* ECF Nos. 16-2 at 10; 16-3 at 18.

Upon review, it is clear that Plaintiff has not sufficiently alleged that he provided notice within 30 days of his disability or "as soon after that as reasonably possible" as

---

[7] At various points in the response in opposition, Plaintiff asserts that holding him to his obligations under the contract would strip him of the entirety of his disability benefits. As to this point, the Court finds that Defendant is correct in its assertion that the issue before the Court is whether Plaintiff provided timely notice and proof of loss as to his alleged disability as an emergency physician. Plaintiff would still be able to claim benefits in the event that he became disabled in his current role.

required by the Policies. As to proof of loss, Plaintiff also fails to allege any facts demonstrating performance of this requirement. As these terms are material and must be pled, Defendant is entitled to its requested relief.

## CONCLUSION

For the reasons set forth above, Defendant's motion for judgment on the pleadings [16] is **GRANTED**. Plaintiff may attempt to cure the identified defects by filing an amended complaint within 30 days. Failure to do so will result in dismissal of this action without prejudice.

IT IS SO ORDERED.

**s/ Donald C. Coggins, Jr.**
United States District Judge

September 24, 2025
Spartanburg, South Carolina